**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1819**

WALL & ASSOCIATES, INC.,

        Plaintiff - Appellant,

    v.

BETTER BUSINESS BUREAU OF CENTRAL VIRGINIA, INC.; BETTER
BUSINESS BUREAU OF METROPOLITAN WASHINGTON; COUNCIL OF
BETTER BUSINESS BUREAUS, INC.,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Liam O'Grady, District Judge.  (1:16-cv-00119-LO-MSN)

Submitted:  March 28, 2017                    Decided:  April 24, 2017

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven R. Becker, Michael J. Garvin, VORYS, SATER, SEYMOUR AND PEASE LLP,
Washington, D.C., for Appellant.  Jay Ward Brown, LEVINE SULLIVAN KOCH &
SCHULZ, LLP, Washington, D.C., Rachel F. Strom, LEVINE SULLIVAN KOCH &
SCHULZ, LLP, New York, New York, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wall & Associates, Incorporated, (Wall) appeals from the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion and dismissing its civil action for false advertising, tortious interference with contract and business expectancy, and defamation. On appeal, Wall challenges the district court's determination that it failed to state a claim for relief for false advertising under the Lanham Act, 15 U.S.C. § 1125(a) (2012). We affirm.

We review a district court's dismissal under Rule 12(b)(6) de novo, accepting as true all of the factual allegations contained in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). To survive a motion to dismiss, the plaintiff's fact allegations, "taken as true, must state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Although we "must accept the truthfulness of all factual allegations" in a complaint, "we need not assume the veracity of bare legal conclusions." *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (internal quotation marks omitted). Rather, we must accept conclusions the plaintiff draws from the facts "only to the extent they are plausible based on the factual allegations." *Id.*

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of a complaint, and our evaluation is thus generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (internal quotation marks and citation omitted). However, we also consider documents explicitly incorporated into the complaint by reference as well as documents submitted by a movant

2

that were not attached to or expressly incorporated into the complaint, as long as the documents were integral to the complaint and there is no dispute about the authenticity of the documents. *Id.* at 166.

The Lanham Act prohibits the "false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" and renders any person who makes such a description or representation in commerce and "in connection with any goods or services" liable in a civil action "by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a). A plaintiff asserting a false advertising claim under the Lanham Act must establish each of five elements, showing that:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

*Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 298-99 (4th Cir. 2017). "Failure to establish any one of these five elements is fatal to a plaintiff's claim." *Id.* at 299 (internal quotation marks and alteration omitted).

Recovery of damages under the Lanham Act requires Wall to show not only false or misleading advertising by Defendants but also that such statements caused it actual

3

damages. *Id.* at 299; *see PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 122 (4th Cir. 2011) (summary judgment properly awarded to defendant in Lanham Act case because plaintiff could not prove that allegedly false statements caused it any damages). "This is not a minor or technical element of a Lanham Act claim." *Verisign, Inc.*, 848 F.3d at 299. "[I]ndeed, as the Supreme Court has explained, it is the core requirement that a plaintiff 'show economic or reputational injury flowing *directly* from the deception wrought by the defendant's advertising' that assures Article III standing in Lanham Act cases." *Id.* at 299-300 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014) (emphasis added)). Thus, to meet the "indispensable fifth element of a Lanham Act claim," the plaintiff must have been injured or likely will be injured "as a result of the alleged misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its product." *Id.* at 300 (internal quotation marks and alteration omitted).

We conclude after review of the record and the parties' briefs that the district court did not reversibly err in dismissing Wall's claim for false advertising under the Lanham Act based on its failure to sufficiently allege proximate cause. Wall alleged in its complaint that Defendants falsely advertised and promoted a system for assigning letter grade ratings to businesses as "national, uniform, unbiased, and objective" when in reality the system was implemented based on "subjective, biased, and personal criteria." In Wall's view, it was damaged and will continue to be damaged by this false advertising because it received a letter grade rating resulting from "subjective, biased, and arbitrary decisions" by Defendants the Better Business Bureau of Central Virginia, Inc., and the

4

Better Business Bureau of Metropolitan Washington but consumers believe that it has been subjected to a review process that is "national, uniform, unbiased, and objective" in nature. Wall's complaint, however, does not identify a single consumer who withheld or cancelled business with it or pointed to a particular quantum of diverted sales or loss of goodwill and reputation resulting directly from reliance on any false or misleading representations by Defendants of the letter grade rating system as objective and unbiased. Given the absence of such fact allegations, Wall did not adequately allege the necessary proximate cause between its alleged injury and Defendants' allegedly violative conduct. *Accord Lexmark, Int'l*, 134 S. Ct. at 1390 ("The question [proximate-cause analysis] presents is whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*